**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:  Steven J. Bushinsky, Esquire
     Kevin D. Jarvis, Esquire
     *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS HEALTH AND WELFARE FUND FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, AND THE BOARD OF TRUSTEES,<br><br>*Plaintiffs,*<br><br>vs.<br>**COLLINS FAMILY MARKETS**<br><br>*Defendant.* | Civil Action No.:<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Health & Welfare Fund, for and on behalf of themselves and said Fund, and the Board of Trustees, ("Fund") as fiduciaries for this Fund, hereby allege against Defendant as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1132 and §1145 respectively, the common law of ERISA, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

2. This Court is one of proper venue pursuant to Section 502(e)(1) and (2) of ERISA, 29 U.S.C. §1132(e)(1) and (2) as the Trust Fund is administered in the State of New Jersey, the alleged breach by the Defendant of its contractual and statutory obligations to Plaintiffs took place in New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with Section 502(h), 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiffs, United Food and Commercial Workers Union and Participating Food Industry Employers Health & Welfare Fund, for and on behalf of themselves and said Fund, and the Board of Trustees, ("the Fund"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are employee benefit plans established and maintained pursuant to Section 3(1), (2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health, retirement, and other benefits to eligible participants and their beneficiaries. The Fund has standing to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. The Plaintiffs United Food and Commercial Workers Union and Participating Food Industry Employers Health & Welfare Fund, are "multiemployer plans," "employee benefit plans," and "employee welfare benefit plans" within the meaning of ERISA Sections 3(37), (A), 29 U.S.C. §§1002(37), (A).

6. The Plaintiff Trustees are "Fiduciaries" of the Funds within the meaning of Sections 3(16) and (21) of ERISA, 29 U.S.C. §1002(16) and (21).

7. The Trustees have standing to commence this action under Section 502(a)(3)(B), 29 U.S.C. §1132(a)(3)(B).

8. The Fund maintains its principal place of business at 27 Roland Avenue, Suite 100, Mt. Laurel, New Jersey 08054.

9. The Fund and Trustees bring this action on behalf of the Funds participants and beneficiaries pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§1132, 1145 and Section 301 of LMRA, 29 U.S.C. §185.

10. Defendant, Collins Family Markets (the "Defendant" or "Employer"), is a party of interest as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively and, is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §§152(2), (6) and (7), and Sections 3(11) and (12) of ERISA, 29 U.S.C. §§1002(11) and (12).

11. Upon information and belief, Defendant's principal place of business is located at 6301 Oxford Avenue, Philadelphia, Pennsylvania 19111.

## FACTS COMMON TO ALL CLAIMS

12. At all times relevant hereto, Defendant was party to and agreed to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA" or "Labor Contract") with the UFCW Local 360.

13. At all times relevant hereto, Defendant as a party to the Collective Bargaining Agreement, ("CBA") contractually agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Fund. The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Fund.

14. By virtue of the Collective Bargaining Agreement, Trust Agreements, and in accordance with relevant law, Defendant is obligated:

    a. To timely remit fringe benefit contributions to the Fund on behalf of its eligible employees who are members of, or are represented by, UFCW Local 360 (hereinafter "bargaining unit employees"); and

    b. To submit monthly remittance reports to the Fund detailing all bargaining unit employees who worked in each period, the wages paid to those employees in that period, and the amounts of fringe benefit contributions to be

remitted to the Fund on behalf of said employees based upon the gross labor payroll paid by Defendant on behalf of its bargaining unit employees; and

  c. To produce upon request by the Fund all books and records deemed necessary to conduct a payroll compliance review, a/k/a audit, of the Defendant's financial/payroll records concerning its obligations to the Fund and to pay the cost of the audit; and

  d. To pay liquidated damages, interest, audit costs and all costs of litigation, including attorney fees expended by the Fund to collect any amounts due as a consequence of Defendant's failure to comply with its contractual and statutory obligations; and

  e. To abide by the terms of the Policy for the Collection of Delinquent Fringe Benefit Contributions for the Fund ("Collection Policy").

15. Pursuant to the provisions of the Trust Agreements and Collective Bargaining Agreement, Defendant is required to provide access to its financial records deemed necessary for the Trust Funds to determine if Defendant properly complied with its obligation to contribute to the Fund.

## COUNT ONE
### Failure to Remit Contributions under ERISA
### Fund v. Employer

16. The allegations of Paragraphs 1 through 15 are incorporated by

reference as if fully set forth herein.

17. A Payroll Compliance Review, a/k/a Audit performed for the Fund for the period of January 1, 2016 through December 31, 2017 revealed benefit contribution delinquencies (hereinafter, "Audit").

18. Defendant has failed to make benefit contributions including, but not limited to, the amounts set forth in the Audit and due under the Labor Contract, Trust Agreements or Plan Documents of the Plaintiff Fund in violation of 29 U.S.C. §1145.

19. Payment of the delinquent contributions and penalties assessed against Defendant has been demanded by the Fund, but Defendant has refused to submit the required payments.

20. The Fund is adversely affected or damaged as a proximate result of Defendant's failure to pay benefit contributions in violation of 29 U.S.C. §1145.

21. This action seeks damages pursuant to the Funds Trust Agreements, ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, under which this Court is directed to award all unpaid contributions, interest, liquidated damages, reasonable attorney's fees, court costs, and any other relief which the Court deems appropriate.

**WHEREFORE**, the Plaintiff Fund respectfully request the Court enter Judgment for the following relief:

(A) Order Defendant to pay all contributions due and owing to the Funds as provided by 29 U.S.C. §1132(g)(2)(A), CBA and Trust Agreements; and

(B) Order Defendant to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g)(2)(B), CBA and Trust Agreements; and

(C) Order Defendant to pay liquidated damages provided for under the Trust Agreements in an amount not in excess of twenty percent (20%) (or such high percentage as may be permitted under Federal or State law) of the amounts of unpaid contributions as determined by the Court as provided by 29 U.S.C. §1132(g)(2)(C)(ii), CBA and Trust Agreements; and

(D) Order Defendant to pay the Fund's reasonable attorney's fees and costs incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g)(2)(D), CBA and Trust Agreements; and

(E) Order any such other and further relief as this Court may deem equitable, just, and appropriate as provided by 29 U.S.C. §1332(g)(2)(E).

**COUNT TWO**
**Failure to Remit Contributions under**
**CBA/Labor Contract**
**Fund v. Employer**

22. The allegations of Paragraphs 1 through 21 are incorporated as if fully set forth herein.

23. A Payroll Compliance Review, a/k/a Audit performed for the Fund for the period of January 1, 2016 through December 31, 2017 revealed benefit contribution delinquencies (hereinafter, "Audit").

24. The Employer has failed to make the benefit contributions as set forth in the Audit, as required by the CBA/Labor Contract and other documents incorporated by the CBA/Labor Contract, such as the Funds Trust Agreements or Plan Documents in violation of §301 of the LMRA, 29 U.S.C. §185.

25. Plaintiff Fund has been adversely affected or damaged as a proximate result of Defendant Employer's breach of the CBA/Labor Contract and its incorporated documents.

**WHEREFORE**, Plaintiff Fund respectfully requests the Court enter Judgment for the following relief as provided in the CBA/Labor Contract and Trust Agreements:

(A) Order Defendant to pay all contributions due and owing to the Fund, as provided by the CBA and the Trust Agreements; and

(B) Order Defendant to pay interest, as provided by the CBA and the Trust Agreements; and

(C) Order Defendant to pay liquidated damages, as provided by the CBA and the Trust Agreements; and

(D)     Order Defendant to pay reasonable attorney's fees and costs incurred in the prosecution of this action, as provided by the CBA and the Trust Agreements.

## CERTIFICATION

Pursuant to L. Civ. R. 11.2

Plaintiffs, by and through it undersigned counsel, hereby certify that this matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

*/s/ Kevin D. Jarvis*
KEVIN D. JARVIS, ESQUIRE
O'Brien Belland & Bushinsky LLC
509 S. Lenola Road, Building 6
Moorestown, NJ 08057
856-795-2181
kjarvis@obbblaw.com

Dated:    5/12/2023